```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
               CORPUS CHRISTI DIVISION

UNITED STATES OF AMERICA,     §
                              §
     Plaintiff,               §
                              §
vs.                           §    C.A. NO. C-05-330
                              §
LUCERO VALDEZ,                §
                              §
     Defendant.               §
```

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On this day came on to be heard Plaintiff's Motion for Summary Judgment. For the reasons stated herein, this Court GRANTS the Plaintiff's Motion for Summary Judgment.

### I. Jurisdiction

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1345 because the United States is a party in the suit.

### II. Facts

The above-captioned cause of action involves the alleged failure by Defendant Lucero Valdez ("Defendant") to make required student loan repayments. The Government filed a Complaint against Mrs. Valdez in the instant case on July 7, 2005, detailing the outstanding amounts due but not paid by Defendant. Specifically, the Government (1) outlined the debt owed by Defendant in the amount of $1,403.01, and (2) attached a Certificate of Indebtedness for the debt. (Pl.'s Compl. at 1-2, Ex. A.)

On August 30, 2005 Defendant filed an Answer denying her

indebtedness in this matter. Specifically, Defendant alleged that the loan had been paid in full after the Government garnished her income taxes in 1988. In support of this contention, Defendant attached copies of two letters, including one from the IRS, regarding the status of her loan. On September 21, 2005, the Government filed the instant Motion for Summary Judgment. Defendant did not respond.[1] This Court now considers the Government's Motion for Summary Judgment.

**III. Discussion**

    **A.   Summary Judgment Standard**

Federal Rule of Civil Procedure 56 states that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Judwin Properties,

---

[1] Such failure to respond to a motion for summary judgment does not alone support the automatic granting of the motion. The moving party still must establish the absence of a genuine issue of material fact. See, e.g., Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988); John v. Louisiana, 757 F.2d 698, 709 (5th Cir. 1985); Jones v. Fountain, 121 F. Supp. 2d 571, 572 (E.D. Tex. 2000). Nonetheless, the Court will generally assume that the movant's facts as claimed and supported by admissible evidence are uncontroverted and undisputed. See, e.g., Ceasar v. Lamar Univ., 147 F. Supp. 2d 547, 551 (E.D. Tex. 2001); see also Eversley, 843 F.2d at 174.

Inc. v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).  The substantive law identifies which facts are material.  Anderson, 477 U.S. at 248, 106 S. Ct. at 2510; Ellison v. Software Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1046-1047 (5th Cir. 1996).  If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, the movant must come forward with evidence that establishes "beyond peradventure *all* the essential elements of the claim or defense to warrant judgment in [its] favor."  Fontenot v. UpJohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).  If, however, the nonmovant bears the burden of proof, the moving party may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case.  Celotex Corp., 477 U.S. at 325; Ocean Energy II, Inc. v. Alexander & Alexander, Inc., 868 F.2d 740, 747 (5th Cir. 1989).

Once the moving party has carried its burden, the nonmovant

"may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 270 (1968); see also Schaefer v. Gulf Coast Regional Blood Center, 10 F.3d 327, 330 (5th Cir. 1994)(stating that non-moving party must "produce affirmative and specific facts" demonstrating a genuine issue). Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof at trial. Celotex Corp., 477 U.S. at 322. The non-movant's burden is not satisfied by conclusory allegations, unsubstantiated assertions, or some metaphysical doubt as to the material facts. Willis v. Roche Biomedical Laboratories, Inc., 61 F.3d 313, 315 (5th Cir. 1995); see also Brown v. Houston, 337 F.3d 539, 541 (5th Cir. 2003) (stating that "improbable inferences and unsupported speculation are not sufficient to defeat a motion for summary judgment"). Similarly, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for [that party]." Doe on Behalf of Doe v. Dallas Independent School Dist., 153 F.3d 211, 215 (5th Cir. 1998) (internal quotation marks omitted).

Summary judgment evidence is subject to the same rules that

govern admissibility of evidence at trial. Resolution Trust Corp. v. Starkey, 41 F.3d 1018, 1024 (5th Cir. 1995) (citing Munoz v. International Alliance of Theatrical Stage Employees, 563 F.2d 205, 207 n. 1 (5th Cir. 1977)). In considering a motion for summary judgment, the court cannot make credibility determinations, weigh the evidence, or draw inferences for the movant. Anderson, 477 U.S. at 255. The court must draw all justifiable inferences from the summary judgment evidence in the light most favorable to the nonmovant. Id. at 255; Pasant v. Jackson Nat'l Life Ins. Co., 52 F.3d 94, 96 (5th Cir. 1995). If, however, the nonmovant's "evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

**B. Plaintiff's Prima Facie Case**

In order to "recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001); see also FDIC v. Selaiden Builders, Inc., 973 F.2d 1249, 1254 (5th Cir. 1993). Here, the Government has presented a *prima facie* case by producing evidence establishing all three of these elements. Specifically, the Government has provided copies of the loan documents and outlined the amounts currently owed. (Pl.'s Ex. A, B.) These documents establish that Defendant executed promissory notes for

federally-insured student loans on September 1, 1982. (Pl.'s Ex. B). The Government states that it has demanded that Defendant pay the indebtedness, but Defendant has failed to do so. (Compl. ¶ 4.)

The Government also includes a copy of the Certificate of Indebtedness issued by the United States Department of Education. (Pl.'s Ex. A.) The amount due, as set out in this Certificate, corresponds to the amount the Government claims Defendant owes but has not paid. Finally, the Government has attached the affidavit of M. H. Cersonsky, the attorney representing the Government in this action, which provides support for the Government's request for attorney's fees. (Cersonsky Aff. at ¶ 1-4.)

### C. Defendant's Burden

The burden then shifts to Defendant to "set forth specific facts showing there is a genuine issue for trial, not just to rest upon the mere allegations or denials of the adverse party's pleadings." <u>Lawrence</u>, 276 F.3d at 197. In this case, Defendant has offered no evidence to rebut the claim that she owes money on her student loans. Her only filings in this action, an unsworn letter to the Court and two copies of documents related to her loan, do not constitute evidence. Moreover, even if her letter had been a properly sworn or certified affidavit, it would not be sufficient to defeat summary judgment. All Defendant's documentation shows is that, at one time, the IRS garnished $1,353.00 from her tax refund and applied it to her loan balance.

(Def.'s Ex. B.)[2]  There is absolutely no evidence, however, to support Defendant's contention that, after this payment, the debt was paid-in-full.  In fact, quite the opposite.  Defendant's documentation itself establishes that, after the IRS garnishment, she still owed over a thousand dollars on the loan.  (Def.'s Ex. A.)  All Defendant has is an unsupported allegation that she repaid the entire balance of the debt.  Such an unsupported allegation, without more, is not enough to create a genuine issue of fact.  Therefore, the Plaintiff is entitled to summary judgment.

In sum, the Government has provided ample documentary evidence to support its claim that Defendant owes the amounts as stated in the Government's Motion.  Defendant has provided no evidence to refute the Government's claim.  Accordingly, the Government has met its burden and is entitled to summary judgment in its favor.

**IV. Conclusion**

For the forgoing reasons, the Court GRANTS Plaintiff's Motion for Summary Judgment.  It is adjudged that the United States of America recover from Defendant as to the Note dated September 1, 1982:

    1.    The balance due as of October 29, 1998 of $1,403.01, plus

    2.    Prejudgment interest from October 29, 1998 at 9.00% per

---

[2] Although not labeled as "exhibits," this Court will refer to the documents attached to Defendant's unsworn letter as Exhibits A (document dated 9/15/92) and B (document dated April 18, 1988).

    annum, being $0.19 per day, plus

3. Attorney's fees of $250.00 and all costs of court, plus

4. Post-judgment interest at 3.84% per annum.

SIGNED and ENTERED this 18th day of November, 2005.

_____
Janis Graham Jack
United States District Judge